UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: SANDIA TOBACCO MANUFACTURERS, INC.,     No. 16-12335-j11

    Debtor.

## MEMORANDUM OPINION AND ORDER DETERMINING THE VALIDITY OF CORPORATE ACTIONS

On April 26 and 28, 2017 the Court held a final, evidentiary hearing on Debtor's Motion for a Determination of the Effect of Minutes of the Annual and Special Meeting of Shareholders of Sandia Tobacco Manufacturers, Inc. and Request for Expedited Hearing (Docket No. 117) (the "Motion Regarding Effect of Shareholders Meeting"). Having considered the evidence in light of the applicable law, the Court concludes that the shareholders of Sandia Tobacco Manufacturers, Inc. ("Sandia" or "Debtor") validly removed Donna Woody from the board of directors at a special meeting of shareholders held April 20, 2017. However, the annual meeting of shareholders held April 20, 2017 and the actions of the board of directors at the directors' meeting held April 20, 2017 were invalid.

Procedural background.

On April 4, 2017, Donald Packingham filed a Motion to Remove William F. Davis & Assoc., PC as Attorneys For Debtor Sandia Tobacco Manufacturers, Inc. ("Motion to Remove the Davis Firm"). The Court held a final, evidentiary hearing on the Motion to Remove the Davis Firm on April 18 and 19, 2017. Following the conclusion of the hearing, on April 19, 2017 the Court made findings of fact and conclusions of law stated on the record as permitted by Fed. R. Civ. P. 52 (a), made applicable by Bankruptcy Rule 9014 (the "Oral Findings and Conclusions"). On April 21, 2017, the Court entered an order denying the Motion to Remove the Davis Firm, which incorporated the Oral Findings and Conclusions by reference. (Docket

No. 116). The Court ruled that because the board of directors of Sandia had directed that Sandia be represented by William F. Davis & Assoc., P.C. (the "Davis Firm") in this Chapter 11 case, and that Donna Woody represent Sandia during the pendency of this bankruptcy case, a resolution of the board was required to discharge the Davis Firm as Sandia's counsel in this bankruptcy case. The Court ruled further that Mr. Packingham's purported termination of the Davis Firm as Sandia's counsel was legally ineffective because not approved by Sandia's board of directors.

The Court also noted that Mr. Packingham had noticed a shareholder's meeting scheduled for April 20, 2017 at 3:30 p.m. Mr. Packingham's counsel advised the Court that at the shareholders meeting Mr. Packingham intended to vote to remove Ms. Woody from Sandia's board of directors and intended to cause the board to terminate the Davis Firm's services. The Court ruled that if there is a good faith dispute regarding whether the termination was duly authorized, the Court would permit the Davis Firm to continue to represent Sandia, as debtor-in-possession, until the Court rules on the issue so long as the Debtor immediately brings the issue before the Court. The Debtor immediately brought the issue before the Court by filing the Motion Regarding Effect of Shareholders Meeting on April 21, 2017. The Court then ordered that the Davis Firm may continue to represent the Debtor in this bankruptcy case, and take direction from Donna Woody acting on behalf of the Debtor, unless and until the Court orders otherwise, and set the Motion Regarding Effect of Shareholders Meeting for final hearing on April 26, 2017. *See* Order entered April 21, 2018 (Docket No. 118). As noted above, the Court held a final, evidentiary hearing on Debtor's Motion Regarding Effect of Shareholders Meeting on April 26 and 28, 2017.

## Oral Findings and Conclusions

In the Oral Findings and Conclusions ruling on the Motion to Remove the Davis Firm, the Court found, among other things:

Sandia is a New Mexico corporation formed on June 23, 2003. Its Articles of Incorporation ("Articles"), filed with the New Mexico Public Regulatory Commission, provide that the number constituting the initial board of directors of the corporation is two, and that the initial directors are Donald S. Packingham and Donna Woody. As of April 19, 2017, the number of directors and the composition of the board had not changed since Sandia was incorporated: Mr. Packingham and Ms. Woody continued to serve as Sandia's two board members. The Articles of Incorporation provide for only one class of shares, all of which are voting shares. Mr. Packingham and Ms. Woody are father and daughter. Mr. Packingham owns 90% of Sandia's outstanding shares. Ms. Woody owns the other 10%.

Sandia's bylaws ("Bylaws") were adopted as of July 1, 2003 and are still in effect. The Bylaws provide that a special meeting of shareholders may be called by the directors, or when the New Mexico Business Corporation Act confers the right to call a special meeting of the shareholders. Section 53-11-28(C) of the Business Corporation Act provides that a special meeting of the shareholders may be called by holders of not less than one-tenth of all shares entitled to vote. A majority of shares constitutes a quorum at a shareholders meeting. Unless otherwise provided in the Business Corporation Act, the affirmative vote of a majority of shares represented at the meeting shall be the act of the shareholders.

Under the Bylaws, at a shareholders meeting called expressly for that purpose any individual director may be removed from office with or without cause by the vote of the shareholders holding at least a majority of the shares. The shareholders or directors may

increase or decrease the number of directors on the board but there shall never be less than one.

Under the Bylaws, a majority of the members of the board constitutes a quorum at a board meeting. Except as otherwise provided in the Business Corporation Act, the act of the board shall be the act of a majority of the directors present at a meeting at which a quorum is present. There is no provision made in the Articles or Bylaws that governs what happens in the event of a deadlock. Attendance of a director at a meeting of the board constitutes waiver of notice of the meeting unless the director attends for the express purpose of contesting the authority of the board to act. There is no classification of directors as permitted by § 53-11-37 of the Business Corporation Act. Neither the Articles nor the Bylaws provide for cumulative voting.

Because Mr. Packingham owns 90% of Sandia's outstanding shares, he has a controlling interest at duly called meetings of the shareholders unless the Business Corporation Act provides otherwise. Because Sandia has only two directors— Mr. Packingham and Ms. Woody—any act by the Board of Directors requires both of them to consent.[1]

Mr. Packingham and Ms. Woody have been officers of Sandia since its inception, with Mr. Packingham as president and Ms. Woody as vice-president. From 2003 to 2009, Ms. Woody was primarily responsible for Sandia's day-to-day operations. However, Ms. Woody conferred with and obtained the approval of Mr. Packingham before making decisions she considered significant. During this time, Mr. Packingham was involved in Sandia's operations and maintained contact with its employees and customers. Mr. Packingham

---

[1] The Court amends this finding. A vacancy on the board can be filled by majority vote of the remaining directors, even if less than a quorum.

routinely hired and terminated attorneys for Sandia without approval from Sandia's board of directors. In 2009, Ms. Woody asked Mr. Packingham to terminate his involvement with Sandia's operations and to avoid contact with Sandia's employees and customers. Mr. Packingham complied with that request. Mr. Packingham has not been involved in Sandia's day-to-day operations since that time.

## Findings of Fact

The Court incorporates by reference its findings of fact contained in the Oral Findings and Conclusions. In addition, the Court makes the following findings of fact:

Sandia's Articles fixed the initial number of directors on the board at two. After Sandia's initial meeting of shareholders, no annual meeting of shareholders was ever held, at least not prior to April 20, 2017. The board of directors never set a date or time for holding an annual meetings of shareholders.

Sandia's Bylaws provide:

(a) The annual meeting of shareholders "shall be held on the date fixed from time to time by the directors. A special meeting shall be held on the date fixed from time to time by the directors except when the Business Corporation Act confers the right to call a special meeting upon the shareholders. . . . Annual meetings may be called by the directors or the President or the Secretary or by any officer instructed by the directors or the President to call the meeting. Special meetings may be called in like manner or by the holders of at least one-tenth of the shares."

Bylaws, Article I, ¶ 7.

(b) The initial number of directors on the board will remain the same until changed. "The number of directors may be increased or decreased by the directors or shareholders, but no decrease in the number of directors shall have the effect of shortening the term of any incumbent director."

Bylaws, Article II, ¶ 2.

(c) The initial directors "shall hold officer until the first annual meeting of shareholders and until their successors have been elected and qualified.

-5-

> Thereafter, directors who are elected at an annual meeting of shareholders, and directors who are elected in the interim to fill vacancies and newly created directorships, shall hold office until the next succeeding annual meeting of shareholders and until their successors have been elected and qualified."

Bylaws, Article II, ¶ 3.

(d) "In the interim between annual meetings of shareholders or of special meetings of shareholders called for the election of directors, any vacancies in the Board of Directors, including vacancies resulting from the removal of directors by the shareholders which have not been filled by said shareholders, may be filled by the affirmative vote of a majority of the remaining directors although less than a quorum exists . . . ."

Bylaws, Article II, ¶ 3.

(e) "A majority of the full Board of Directors shall constitute a quorum."

Bylaws, Article II, ¶ 4.

(f) "At a meeting of shareholders called expressly for that purpose, the entire Board of Directors or any individual director may be removed from office with or without cause by the vote of the shareholders holding at least a majority of the shares."

Bylaws, Article II, ¶ 5.

On April 10, 2017 Donald Packingham gave notice of an annual and special meeting of the shareholders of Sandia to be held on April 20, 2017 at 3:30 p.m. *See* Notice of a Meeting of the Shareholders of Sandia Tobacco Manufacturers, Inc. ("Notice") – Exhibit DP-7. The Notice stated that "[t]he purpose of the meeting is to vote on the election of new officers and the removal of current officers or directors." *Id.*

The minutes of the annual and special meeting of the shareholders reflect that Donald Packingham and Donna Woody attended the meeting, representing 100% of Sandia's outstanding shares. *See* Minutes of the Annual and Special Meeting of Shareholders of Sandia Tobacco Manufacturing, Inc. ("Annual and Special Meeting Minutes") – Exhibit A. Donald Packingham was elected to chair the meeting and act as secretary to prepare a record of the

-6-

proceedings. *See* Annual and Special Meeting Minutes, ¶ II. The Annual and Special Meeting Minutes reflect that upon a majority vote of the shareholders, among other things:

(a)  Donna Woody was removed as a director, officer, and employee of Sandia;

  Annual and Special Meeting Minutes, ¶ IV.

(b)  Donald Packingham was elected as director, president, vice president, secretary and treasurer of Sandia with full and exclusive authority to manage Sandia and make on its behalf (including retention and discharge of legal counsel) and to issue corporate resolutions without a meeting of the shareholders or directors;

Annual and Special Meeting Minutes, ¶¶ III and IV.[2]

(d)  The Davis Firm was discharged as counsel for Sandia; and

Annual and Special Meeting Minutes, ¶ V.5

(e)  Donna Woody no longer had authority to act on behalf of Sandia in any respect.

Annual and Special Meeting Minutes, ¶¶ V.7, V.8, V.9, V.10

The Annual and Special Meeting Minutes do not reflect any vote to decrease the number of directors on the board. The votes relating to the composition of the board were to remove Donna Woody from the board and re-elect Donald Packingham to the board. *See* Annual and Special Meeting Minutes, ¶¶ III and IV.

Immediately after the annual meeting of shareholders, a meeting of the board of directors was held, attended by Donald Packingham as sole remaining director. *See* Minutes of the Meeting of Board of Directors of Sandia Tobacco Manufacturing, Inc. ("Board of Director Minutes") – Exhibit B. Donna Woody, having been removed from the board, was

---

[2] The Annual and Special Minutes contain two paragraphs identified as paragraph IV: Removal of Directors and Officers and Election of Officers.

not given notice of the meeting. The minutes reflect that at the meeting the board took the following actions, among others:

>   (a)   The election of officers stated in the shareholder meeting minutes was restated and readopted by the board;
>
>   Board of Director Minutes, p.1
>
>   (b)   The Davis Firm was discharged as counsel for Sandia; and
>
>   Board of Director Minutes, ¶ 5.
>
>   (f)   Donna Woody no longer had authority to act on behalf of Sandia in any respect.
>
>   Board of Director Minutes, ¶¶ 7, 7, 9, 10, 11, 13.

## Conclusions of Law

A.  *The Validity of the Shareholders' Action to Remove Donna Woody from the Board*

Sandia's Bylaws provide that a director may be removed from office "with or without cause by the vote of the shareholders holding at least a majority of the shares" at a shareholder meeting "called expressly for that purpose." Bylaws, Article II, ¶ 5. Donald Packingham gave notice of an annual and special meeting of the shareholders of Sandia to be held on April 20, 2017 at 3:30 p.m. *See* Notice, Exhibit DP-7. The stated purpose in the Notice was "to vote on the election of new officers and the removal of current officers or directors." *Id.* The special meeting for the stated purpose of removing directors therefore complies with the Bylaws' requirement that removal of directors must be accomplished at a shareholders meeting "called expressly for that purpose." Bylaws, Article II, ¶5.

The Bylaws provide further that special shareholders meetings:

> shall be held on the date fixed from time to time by the directors, except when the Business Corporation Act confers the right to call a special meeting upon the shareholders.

> Bylaws, Article I, ¶ 7.

Sandia's board of directors did not fix a date for the special shareholders meeting. Instead, Donald Packingham, who holds 90% of Sandia's shares, called a special meeting by sending the Notice of the annual and special meeting to be held April 20, 2017. *See* Exhibit DP-7. Section 53-11-28(C) of New Mexico's Business Corporation Act, provides:

> Special meetings of the shareholders may be called by the board of directors, the holders of not less than one-tenth of all the shares entitled to vote at the meeting, or such other persons as may be authorized in the articles of incorporation or the bylaws.
>
> N.M.S.A. 1978 § 53-11-28(C) (2001 Repl. Pamp.).

This section authorizes a shareholder with at least a 10% voting interest to call a special shareholder's meeting. Mr. Packingham, as 90% shareholder, effectively called a special shareholder meeting for the purpose of voting on the removal of Sandia's current officers and directors. Sandia's Bylaws authorize a shareholder to call a special meeting if the Business Corporation Act confers such right, and the Business Corporation Act authorizes shareholders with at least a 10% voting interest to call a special shareholders' meeting,

Sandia points out that the Bylaws provide that "[t]he number of directors may be increased or decreased by the directors or shareholders, but no decrease in the number of directors shall have the effect of shortening the term of any incumbent director." Bylaws, Article II, ¶ 2. This provision in Sandia's Bylaws tracks the language in New Mexico's Business Corporation Act:

> The number of directors may be increased or decreased from time to time by amendment to, or in the manner provided in, the articles of incorporation or the bylaws, but no decrease shall have the effect of shortening the term of any incumbent director.
>
> N.M.S.A. 1978 § 53-11-36 (2016 Cum. Supp.).

Sandia interprets this language to mean that Sandia's shareholders cannot remove Donna Woody as director if removal shortens her term as incumbent director. Sandia's interpretation is incorrect. Removal of a director is separate and distinct from reduction of the size of the board. *See Scott Cnty. Tobacco Warehouses, Inc. v. Harris,* 201 S.E.2d 780, 782 (Va. 1974) (acknowledging that the removal of "directors necessarily shortened their terms," but concluding that a similar provision prohibiting the decrease in the number of directors from shortening the term of any incumbent director was "inapposite to the removal of directors by shareholders.").

Sandia's Bylaws and the New Mexico Corporation Act have separate provisions for removal of directors and for reduction of the size of the board. *See* Bylaws, Article II, ¶ 2 (increase or decrease in the number of directors); Bylaws, Article II, ¶ 5 (removal of directors); N.M.S.A.1978 § 53-11-36 (2016 Cum. Supp.) (number and election of directors); N.M.S.A. 1978 § 53-11-39 (2001 Repl. Pamp.) (removal of directors). As the *Harris* court explained, the language prohibiting a decrease in the number of directors if it shortens any incumbent director's term

> does not bar all actions which result in a foreshortened term. Rather, it bars only one particular action which will produce such a result, that is, a decrease in the number of directorships. The removal of the position holders is not a decrease in the number of positions.

*Harris,* 201 S.E. 2d at 782.[3]

In other words, a director cannot be removed by corporate action to decrease the size of the board. The shareholders may remove a director before a director's term expires but may not

---

[3] *See also* Model Business Corporation Act, commentary to § 8.05(c) (explaining "that a decrease in the number of directors does not shorten the term of an incumbent director or divest any director of office. Rather, the incumbent director's term expires at the annual meeting at which a successor would otherwise be elected.").

-10-

decrease the size of the board to eliminate the board position until the next annual meeting of shareholders when the term of the board position, previously held by the removed director, expires. The shareholders' action at the special shareholder's meeting validly removed Ms. Woody (who could be removed at that meeting per the Business Corporation Act and Bylaws "with or without cause") from Sandia's board of directors. But the unexpired portion of the term of the board position from which she was removed remained untouched by the removal. Ms. Woody's removal from the board simply created a vacancy on the board.

Mr. Packingham suggests that, by electing only one director, the shareholders' actions at the special and annual meeting had the effect of decreasing the number of directors to one. This Court disagrees. The Special and Annual Meeting Minutes did not record any express action to decrease the size of Sandia's board of directors from two to one. The Special and Annual Meeting minutes provided that "[u]pon majority vote of shareholders the following person were [*sic.*] elected as Director for the terms provided in the bylaws." Annual and Special Meeting Minutes, ¶ III. This action is insufficient to decrease the size of the board from two members to one member. Nor was the authority vested in Mr. Packingham as reflected in the Special and Annual Meeting Minutes sufficient to decrease the size of the board.

B. *The Validity of the Annual Meeting of Shareholders*

Sandia's Bylaws provide that annual meetings of shareholders "shall be held on the date fixed from time to time by the directors." Bylaws, Article I, ¶ 7. Sandia's directors did not fix a date for the annual meeting of shareholders held April 20, 2017. Accordingly, the annual meeting of shareholders held on April 10, 2017 was not convened in accordance with

Sandia's Bylaws. Thus, the actions taken at the annual meeting have no legal effect.[4] Although the Bylaws provide that an annual meeting of shareholders may be called by the directors or the President or the Secretary or by any officer instructed by the director or the President to call the meeting, the meeting must be called to take place on the date fixed by the directors.

In addition, the Special and Annual Meeting Minutes contain a series of "resolutions," which include granting Mr. Packingham full authority to make all management decisions for Sandia, granting Mr. Packingham authority to act for Sandia and to issue resolutions without a shareholder or director meeting, and granting Mr. Packingham exclusive authority to hire and terminate legal counsel for Sandia. *See* Special and Annual Meeting Minutes, ¶¶ V.1, V.2, V.3. The Special and Annual Meeting Minutes also include resolutions terminating William F. Davis and William F. Davis & Assoc., PC and revoking Ms. Woody's powers under the Statement Regarding Authority to Sign and File Petition and Retain Bankruptcy Counsel. *Id.* at ¶¶ V.5, V.7. These "resolutions" are ineffective either because they exceed the authority of shareholders or take actions that can only be taken by the board. For example, the shareholders by majority vote cannot vest in one shareholder who holds less than all outstanding shares the authority to take actions reserved by statute to the shareholders. Further, the shareholders cannot take actions that must be taken by or at the direction of the corporations' board of directors. *See* N.M.S.A. 1978 § 53-11-35(A) (2001 Repl. Pamp.) ("All

---

[4] The minutes reflect that the meeting was both an "annual" meeting of shareholders and a "special" meeting of shareholders. Under the Bylaws, because Mr. Packingham had a statutory right to convene a special shareholders meeting, holding that meeting did not require the board to fix the meeting date. Because a director may be removed at a special meeting of shareholders, and because the special meeting of shareholders was properly convened, the Court concluded that the shareholders' action at the special meeting of shareholders to remove Ms. Woody from the board was valid. All actions taken at the annual meeting of shareholders were ineffective.

-12-

corporate powers shall be exercised by or under authority of, and the business and affairs of a corporation shall be managed under the direction of, a board of directors, except as may be otherwise provided in the Business Corporation Act . . . or the articles of incorporation."). Sandia's Bylaws similarly provide: "All corporate powers shall be exercised by or under authority of, and the business and affairs of the corporation shall be managed under the direction of, a Board of Directors." Bylaws, Article II, ¶ 1. Sandia's Articles do not provide otherwise. Thus, for the additional reason that "resolutions" taken by the shareholders at the annual meeting to remove and elect officers, discharge the Davis Firm, fire Donna Woody and terminate her authority to act on behalf of the corporation, require corporate actions taken or authorized by the board, those actions taken at the annual shareholders meeting as reflected in the annual meeting minutes are ineffective.

C. *The Validity of the Board of Directors' Actions*

The board of directors' actions at the meeting held April 20, 2017 were also invalid. Action by the board of directors requires a majority of the full board to constitute a quorum. *See* Bylaws, Article II, ¶ 4. *See also,* N.M.S.A. 1978 § 53-11-40 (2001 Repl. Pamp.) ("A majority of the number of directors as fixed pursuant to Section 53-11-36 NMSA 1978 shall constitute a quorum for the transaction of business unless a greater number is required by the articles of incorporation or the bylaws."). The board cannot act without a quorum, except to fill vacancies on the board. With respect to vacancies on the board, the New Mexico Business Corporation Act provides, in relevant part:

> Any vacancy occurring in the board of directors may be filled by the affirmative vote of a majority of the remaining directors though less than a quorum of the board of directors. A director elected to fill a vacancy shall be elected for the unexpired term of his predecessor in office.

N.M.S.A. 1978 § 53-11-38 (2001 Repl. Pamp.).

-13-

Similarly, the Bylaws provide that, though directors are generally elected at the shareholders' annual meeting,

> [i]n the interim between annual meetings of shareholders or of special meetings of shareholders called for the election of directors, any vacancies in the Board of Directors, including vacancies resulting from the removal of directors by the shareholders which have not been filled by said shareholders, may be filed by the affirmative vote of a majority of the remaining directors, although less than a quorum exists . . .
>
> Bylaws, Article II, ¶ 3.

Sandia's Bylaws further provide that, when a director is removed, a new director may be elected at the same meeting. Bylaws, Article II, ¶ 5. However, a director was not elected at Sandia's special meeting of shareholders to fill the vacancy created by removal of Donna Woody from the board. The special shareholders meeting effectively removed Donna Woody from the board, but did not reduce the size of the board to one. Until her vacancy is filled, Sandia's board cannot act except to fill a vacancy on the board.

Consistent with these provisions, Mr. Packingham may fill the board position vacated by removal of Donna Woody with a director of his choosing either at meeting of the board or by a unanimous written consent of the board without a meeting. *See* N.M.S.A. 1978 § 53-11-43 (2001 Repl. Pamp.) (the board may act without a meeting by unanimous written consent of the board).[5] Even though he is the sole remaining director of a two-member board, he alone may take action to fill the position. *Cf. McDaniel v. 162 Columbia Heights Housing Corp.*, 873 N.Y.S.2d 468, 472 (2009) (explaining that, with a two-member board, upon the resignation of one director, the sole remaining director was authorized to fill the vacancy,

---

[5] On May 2, 2017 Sandia commenced adversary proceeding no. 17-1036 and on May 3, 2017 filed a motion for temporary restraining order seeking to prevent Mr. Packingham from taking certain actions. If the Court issues an injunction, actions may not be taken that violate the injunction.

reasoning, in part, that "any decision by the only authorized director would necessarily be unanimous and thus exceed the required 'majority'" of the remaining directors, although less than a quorum). Once filled, the two-member board may take action, including an action to reduce the size of the board to one, sole director at the next annual meeting, when the term of the board position Ms. Woody previously held expires.[6] If the two-member board resolves to reduce the size to one, and Donald Packingham serves as Sandia's sole director, Mr. Packingham may take the actions he purported to take at the board meeting held April 20, 2017, provided such actions are actions the board is authorized to take in accordance with the Bylaws and applicable statutes. Until that time, however, the resolutions taken at the board of directors meeting held April 20, 2017 remain ineffective. Those actions are invalid because they were not taken by the majority of the full board of directors necessary to constitute a quorum.

## Conclusion

For the reasons explained above, the special meeting of shareholders was effective to remove Donna Woody from Sandia's board of directors. However, none of the other actions taken at the shareholders meeting or board of directors meeting held April 20, 2017 were effective.

WHEREFORE, IT IS HEREBY ORDERED that the Motion Regarding Effect of Shareholders Meeting is GRANTED, in part, and DENIED, in part. The actions taken at

---

[6] The Bylaws provide that directors shall hold office until the next succeeding annual meeting of shareholders and until their successors have been elected and qualified, and permit the shareholders or directors to decrease the size of the board so long as the decrease in the number of directors does not have the effect of shortening the term of any incumbent director. Bylaws, Article II, ¶¶ 2 and 3.

Sandia's annual and special meeting of shareholders and at the meeting of the board of directors are valid or invalid as set forth in the forgoing opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 4, 2017

COPY TO:

William F. Davis
Nephi D. Hardman
William F. Davis & Assoc., P.C.
Attorneys for Debtor
6709 Academy NE, Suite A
Albuquerque, NM 87109

Richard Rudy Marquez
Attorney for Donald Packingham
1121 4th St. NW, Suite 1-A
Albuquerque, NM 87102