UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  Sandia Tobacco Manufacturers, Inc.
a New Mexico corporation,
EIN: 71-0951557,

Debtor.                                              No. 16-12335-j11

## MOTION PURSUANT TO 11 U.S.C. § 363(f) and (m) TO
## SELL PROPERTY FREE AND CLEAR OF INTERESTS

Debtor, Sandia Tobacco Manufacturers, Inc. ("Debtor"), by and through its counsel of

record William F. Davis & Assoc., P.C. (William F. Davis, Esq.), hereby moves the Court,

pursuant to 11 U.S.C. § 363(f) and (m), to authorize Debtor to sell certain property, as detailed

below, free and clear of any interests in such property. In support of this Motion, the Debtor

STATES:

### Jurisdiction and Venue

1. The Court has jurisdiction over this proceeding and the parties and property affected

hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.

2. This is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (N).

3. Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

### Background

4. Debtor was incorporated on June 23, 2003 under the laws of the State of New Mexico.

Throughout most of the course of its operation since incorporation, the Debtor has engaged in

manufacturing cigarettes and distributing cigarettes and other products to retailers.

5. The Debtor is the owner of the Royal Brand trademark, trademark registry #3,661,272.

Exhibit A.

6. The Debtor trademarked the Royal Brand in 2007 and first started using it in commerce on February 13, 2007.

7. In 2016, the Debtor ceased engaging in the active fabrication of cigarettes. Since then, Debtor has reserved its status as a cigarette manufacturer, but it does not require the use of the Royal Brand any longer.

8. Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code on September 19, 2016 (the "Petition Date"). Doc. 1. Debtor continues as a debtor in possession under 11 U.S.C. §§ 1107 and 1108.

9. No creditors' committee has been appointed in this case.

10. On the Petition Date, Debtor estimated the value of the Royal Brand as unknown. Doc. 1.

11. Seneca Manufacturing Company has been in discussions with the Debtor regarding the purchase of the Royal Brand.

## Requested Relief and Grounds Therefor

12. By this Motion, Debtor seeks authorization from this Court to sell the Royal Brand, including the trademark for the Royal Brand as well as the brand itself, free and clear of all interests and claims therein, to Seneca Manufacturing Company ("Seneca") for a total purchase price of $100,000.00 ("Purchase Price").

13. The Debtor and Seneca have been working to finalize the terms of a Sales and Royalty Agreement ("Agreement"). Exhibit B. The following are some of the the terms of the Agreement, subject to Bankruptcy Court approval:

   a. The Purchase Price is to be paid through a down payment of $15,000.00 and then the remaining balance of $85,000.00 is to be paid in the form of royalty payments as set out in the agreement at Section 2.4 of the Agreement.

b.  Seneca shall have an exclusive right to sell the Royal Brand in New Mexico,

Washington, Idaho, Nevada and Texas for a period of 20 years following the sale.

c.  Seneca will be responsible for all escrow liability for the sales of the Royal Brand

products after the sale.

14. 11 U.S.C. § 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

15. 11 U.S.C. § 363(f) may be satisfied if any one of the five listed requirements are met.

16. With regard to 11 U.S.C. § 363(f)'s first requirement, the Debtor proposes to use the sale proceeds to help fund its Plan of Reorganization and help pay the claims against it. The sale and use of the sale proceeds to pay creditors is not in violation of any nonbankruptcy law. The proposed sale satisfies the first requirement of 11 U.S.C. § 363(f).

17. Turning to 11 U.S.C. § 363(f)'s third requirement, the meaning of "value of all liens on such property," id., is governed by 11 U.S.C. § 506(a)(1), which provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such claim."

18. There are no creditors secured to the Royal Brand. Mr. Packingham, a former shareholder of the Debtor, no longer has any claims against the Debtor including any he may

Motion Pursuant to 11 U.S.C. § 363(f) and (m) to       Page **3** of **3**
Sell Property Free and Clear of Interests

have asserted against the Royal Brand. Therefore, the value of selling the Royal Brand at $100,000.00 is greater than the value of all liens on the Royal Brand. The proposed sale satisfies the third requirement of 11 U.S.C. § 363(f).

19. The proposed sale to Seneca meets the requirements necessary under 11 U.S.C. § 363(f) for the sale of the Royal Brand.

## Business Judgment

20. The proposed sale is also in keeping with Debtor's sound business judgment.

21. The Debtor has determined, in the exercise of its sound business judgment, that that the sale of the Royal Brand, pursuant to Section 363(f), is the best alternative available to realize the value of the Royal Brand, is fair and reasonable, and is in the best interests of creditors and the estate. See *In re Allison*, 39 B.R. 300, 301 (Bankr. D.N.M. 1984) (to approve a sale under Section 363 Debtor must show that (1) a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties; (3) the sale price is fair and reasonable, and (4) that the proposed buyer is proceeding in good faith).

22. The proposed consideration for the sale is fair and reasonable and the proposed sale will provide funds to help the Debtor pay its creditors and reorganize.

23. The Debtor has extensively sought bids for the Royal Brand and Seneca made the best offer for purchase out of the 3 cigarette manufacturers that were serious possible purchasers.

24. Seneca is the company currently doing the production for the Debtor's Royal Brand of cigarettes, the transfer of the Royal Brand to Seneca will provide for a smooth transition that will prevent any lapse in production.

25. The Debtor is currently working with Seneca on packaging and regulatory issues. The Debtor and Seneca have a good working relationship that will prevent any lapse in regulatory

matters.

26. This sale is the quickest deal that could be done and this will prevent any interruption in sales and income for the Debtor.

27.   The proposed purchaser, Seneca, is proceeding in good faith.

28. The Debtor can and will provide adequate and reasonable notice of this Motion.

29. If an order is entered approving the sale and this case subsequently is converted from a Chapter 11 case to a Chapter 7 case, the order approving the sale should be binding on, and inure to the benefit of, a chapter 7 trustee and the Debtor's chapter 7 estate.

30. Thus, Debtor is entitled to sell the Royal Brand to Seneca in an Agreement substantially similar to that attached hereto as Exhibit B, under the standard set forth in 11 U.S.C. § 363(f) and consistent with Debtor's sound business judgment.

WHEREFORE, the Debtor seeks entry of an Order:

A.   Authorizing Debtor to sell the Royal Brand as set forth in the Sales and Royalty Agreement attached hereto as Exhibit B, or a Sales and Royalty Agreement that is substantially similar to that attached hereto as Exhibit B;

B.   Providing that the requirements of Bankruptcy Code § 363(f) are satisfied;

C.   Finding that the sale of the Royal Brand to Seneca is deemed made in good faith, within the meaning of Bankruptcy Code §363(m);

D.   Providing that the order is binding on, and shall inure to the benefit of, a chapter 7 trustee and the Debtor's chapter 7 estate; and

E.   Granting the Debtor such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

WILLIAM F. DAVIS & ASSOC., P.C.
/s/ electronically filed on 11/08/17
William F. Davis, Esq.
6709 Academy Rd NE, Ste A
Albuquerque NM 87109
Telephone: (505) 243-6129
Fax: (505) 247-3185
*Attorneys for Debtor in Possession*

I hereby certify that a true and correct copy of the foregoing document was uploaded on November 8, 2017 via the Court's CM/ECF system, whereupon service was automatically effected upon all parties registered therewith to receive service in this matter, including the United States Trustee's Office.

/s/ 11/08/17
William F. Davis, Esq.

C:\Users\Andrea\Desktop\Sandia\Sale of Royal Brand\363 mtn. Royal Brand.docx